FILED IN OPEN COURT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 3:04-cr-206(S2)-J-20MCR

DEANGELO MERRITT
a/k/a Deke Boy
a/k/a Jake

## PLEA AGREEMENT

### A.  **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I.

Perez, United States Attorney for the Middle District of Florida, and the defendant,

DEANGELO MERRITT, and the attorney for the defendant, Quentin Til, Esq., mutually

agree as follows:

### 1.  **Count(s) Pleading To**

The defendant shall enter a plea of guilty to Count Forty and Count Fifty-

One of the Superseding Indictment.  Count Forty charges the defendant with using and

causing to be used a communications facility to facilitate a conspiracy to distribute

cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 843(b). Count

Fifty-One charges the defendant with possession of a firearm in furtherance of and in

relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(C).

Defendant's Initials ____

AF Approval ____

2.    **Minimum and Maximum Penalties**

Count Forty of the Indictment carries a maximum sentence of 4 years imprisonment, $250,000.00 in fines, or both the fine and the term of imprisonment, a term of supervised release of not more than one (1) year, and a special assessment of $50 per felony count for offenses committed prior to April 24, 1996, $100 per felony count thereafter; for organizations the amounts are "$200" and "$400" respectively, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Count Fifty-One is punishable by a mandatory minimum term of five (5) years imprisonment and up to life imprisonment, said term of imprisonment to run consecutive to any other term of imprisonment, a fine of $250,000, or both the fine and the term of imprisonment, a term of supervised release of five (5) years, and a special assessment of $50 per felony count for offenses committed prior to April 24, 1996, $100 per felony count thereafter; for organizations the amounts are "$200" and "$400" respectively, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Defendant's Initials 𝔄 𝑀                    2

3.    **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of

the offense(s) with which defendant has been charged and to which defendant is

pleading guilty. The elements of Count Forty are:

First:    That the defendant used a "communications facility"
          as charged;

Second:   That the defendant used the communication facility to
          "facilitate" the conspiracy to distribute cocaine, as charged in
          Count One of the Superseding Indictment; and

Third:    That the defendant acted knowingly and willfully.

The elements of Count Fifty-One are:

First:    That the defendant committed the drug trafficking crime
          charged in Count One of the Superseding Indictment;

Second:   That during the commission of that offense the defendant
          knowingly carried and possessed a firearm, as charged;

Third:    That the defendant carried and possessed the firearm in
          relation to and in furtherance of the drug trafficking crime
          charged in Count One of the Superseding Indictment.

4.    **Counts Dismissed**

At the time of sentencing, the remaining counts against the defendant,

Counts One, Thirteen, Twenty-Eight, and Fifty-Nine will be dismissed pursuant to Fed.

R. Crim. P. 11(c)(1)(A).

5.    **Utilization of the Sentencing Guidelines**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the Court determine the defendant's applicable guidelines

Defendant's Initials ☒ ᴀᴍ                    3

range and defendant's guidelines sentence, with any applicable departures, pursuant to the United States Sentencing Guidelines.

6. **Guidelines Sentence–Joint Recommendation**

Pursuant to the Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that the defendant be sentenced in accordance with the defendant's applicable guideline range as determined by the Court pursuant to the United States Sentencing Guidelines. The parties understand that such a joint recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

8. **Base Offense Level**

Pursuant to Fed. R. Crim. P. 11(e)(1)(B), the United States and the defendant stipulate and agree that the defendant's base offense level for Count Forty be calculated at 22 pursuant to USSG §§ 2D1.1, 2D1.6 and 1B1.3. The defendant understands that this stipulation or agreement is not binding on the Court, and if not

Defendant's Initials ⟋ ⟋⟋                4

and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea. Additionally, notwithstanding the stipulation contained herein, the defendant understands and acknowledges that he may qualify as a Career Offender pursuant to USSG §4B1.1.

9.   **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials ⟨ 𝒪𝓂 ⟩                   5

B.    **Standard Terms and Conditions**

      1.    **Restitution, Special Assessment and Fine**

      The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

      2.    **Supervised Release**

      The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _____                6

### 3.    Sentencing Information

The United States reserves its right and obligation to report to the Court
and the United States Probation Office all information concerning the background,
character, and conduct of the defendant, to provide relevant factual information,
including the totality of the defendant's criminal activities, if any, not limited to the
count(s) to which defendant pleads, to respond to comments made by the defendant or
defendant's counsel, and to correct any misstatements or inaccuracies.  The United
States further reserves its right to make any recommendations it deems appropriate
regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii),
the defendant agrees to complete and submit, upon execution of this plea agreement,
an affidavit reflecting the defendant's financial condition.  The defendant further agrees,
and by the execution of this plea agreement, authorizes the United States Attorney's
Office to provide to, and obtain from, the United States Probation Office or any victim
named in an order of restitution, or any other source, the financial affidavit, any of the
defendant's federal, state, and local tax returns, bank records and any other financial
information concerning the defendant, for the purpose of making any recommendations
to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered
by the Court.

### 4.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor
bound by this agreement.  The Court may accept or reject the agreement, or defer a

Defendant's Initials 𝒜 𝓂𝓂                7

decision until it has had an opportunity to consider the presentence report prepared by
the United States Probation Office. The defendant understands and acknowledges
that, although the parties are permitted to make recommendations and present
arguments to the Court, the sentence will be determined solely by the Court, with the
assistance of the United States Probation Office. Defendant further understands and
acknowledges that any discussions between defendant or defendant's attorney and the
attorney or other agents for the government regarding any recommendations by the
government are not binding on the Court and that, should any recommendations be
rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this
plea agreement. The government expressly reserves the right to support and defend
any decision that the Court may make with regard to the defendant's sentence, whether
or not such decision is consistent with the government's recommendations contained
herein.

### 5.    Appeal of Sentence-Waiver

The defendant agrees that this Court has jurisdiction and authority to
impose any sentence up to the statutory maximum and expressly waives the right to
appeal defendant's sentence or to challenge it collaterally on any ground, including the
ground that the Court erred in determining the applicable guidelines range pursuant to
the United States Sentencing Guidelines, except (a) the ground that the sentence
exceeds the defendant's applicable guidelines range as determined by the Court
pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence
exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the
Eighth Amendment to the Constitution; provided, however, that if the government

Defendant's Initials ⏄ 𝑜𝑚                    8

exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

### 6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

### 7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

### 8. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if

Defendant's Initials 𝔻 𝑜𝑚            9

any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

### 9.    **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials  ⟋⟍⟋⟍    10

10.    **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.    **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___8TH___ day of ___SEPTEMBER___, 2005.

PAUL I. PEREZ
United States Attorney

DEANGELO MERRITT
Defendant

By: _____

D. J. PASHAYAN
Assistant United States Attorney

QUENTIN TILL, ESQ.
Attorney for Defendant

JAMES R. KLINDT
First Assistant United States Attorney

Defendant's Initials _____                    11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 3:04-cr-206(S2)-J-20MCR

DEANGELO MERRITT
a/k/a Deke Boy
a/k/a Jake

_____

## PERSONALIZATION OF ELEMENTS

### COUNT FORTY

1.    Do you admit that, on or about June 23, 2004, you used a

"communications facility," that is, a telephone, as charged in the Indictment?

2.    Do you admit that you used this "communications facility" to facilitate a

conspiracy to distribute cocaine in Jacksonville, the Middle District of Florida, and

elsewhere, as charged in Count One of the Indictment, by discussing a quantity of

cocaine with co-defendant Jamal Shakir?

3.    Do you admit that you acted knowingly and willfully?

### COUNT FIFTY-ONE

1.    Do you admit that you committed the drug trafficking crime charged in

Count One of the Superseding Indictment?

2.    Do you admit that on or about July 11, 2004, during the commission of

that drug trafficking offense, you knowingly possessed the firearms, as charged in

Count Fifty-One of the Superseding Indictment?

3.    Do you admit that you possessed said firearms in relation to and in

Defendant's Initials _____

furtherance of the drug trafficking crime charged in Count One of the Superseding Indictment.

Defendant's Initials _____    2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:04-cr-206(S2)-J-20MCR

DEANGELO MERRITT
a/k/a Deke Boy
a/k/a Jake

_____

## FACTUAL BASIS[1]

Humberto Antonio obtained multi-kilogram quantities of cocaine from a

supplier(s) in Atlanta. Antonio traveled to Atlanta on about a weekly basis where he

obtained up to fifteen (15) kilograms of cocaine. Antonio and/or couriers transported

the cocaine to Jacksonville. Once the cocaine arrived in Jacksonville, Antonio and/or

other individuals distributed the cocaine to others, including co-defendants Bruce

Mainor, Jamal Shakir, Ryan Richo and Otis Worthen. Shakir, in turn, distributed

cocaine and/or cocaine base to various individuals. Co-defendant Adrian McKnight and

Deangelo Mereritt, would help distribute this cocaine and/or cocaine base. During the

course of this conspiracy, some of the co-defendants including Antonio, Mainor, Shakir

and McKnight were known to carry, possess and have access to various firearms,

which are more particularly described in the Superseding Indictment.

_____

[1]The factual basis is prepared by the United States and does not include all of
the facts relevant to the defendant's involvement in the crime to which he is pleading
guilty and other illegal activities in which he may have been involved.

Defendant's Initials ᴅ ᴍ

Based on court-authorized wire interceptions, law enforcement officers intercepted telephone conversations involving Merritt, McKnight, Shakir and others. During various calls, Merritt and Shakir discussed obtaining and/or making available quantities of powder cocaine to customers in varying weights from 4.5 ounces to 18 ounces. Specifically, during one telephone call on June 23, 2004, Shakir advised Merritt, in substance, to make available 4.5 ounces of powder cocaine at 5824 Marigold Street (the "Residence") in Jacksonville for subsequent distribution. As such, the defendant acknowledges that his use of a telephone during this call furthered the overall drug conspiracy charged in Count One of the Superseding Indictment.

On July 11, 2004, Jacksonville Sheriff's Office (JSO) SWAT executed a search warrant at the Residence. Shakir had rented this Residence and used it, along with McKnight, Merritt, Green and others to weigh, prepare, package, store and distribute illegal drugs, including cocaine and cocaine base, and to store drug proceeds. Moreover, Shakir, Merritt, McKnight and Green all frequented this Residence and all had access to and constructively possessed the firearms which were kept at the residence and are identified in Counts Forty-Nine through Fifty-Two of the Superseding Indictment. Specifically, Shakir, McKnight, Merritt and Green constructively possessed these firearms in that these defendants maintained these firearms at the Residence and had the power and intention to take control over these firearms either alone or together with one another. These firearms were possessed and maintained at the Residence, in part, to protect Shakir, McKnight, and Merritt, their illegal drugs and their drug proceeds from attacks and/or robberies from rival drug dealers.

Defendant's Initials 𝒟𝓂                    2

When JSO executed the search warrant at the Residence, Merritt, McKnight and Green, who are all convicted felons, were in the Residence, along with two other individuals. When JSO attempted to execute that warrant, Green picked up one of the Norinco, Model MAK 90, 7.62 x 39mm rifles and fired three shots out of the Residence. One of these shots hit a JSO SWAT officer in his protective vest. For purposes of this factual basis, Merritt acknowledges that he jointly possessed, along with McKnight, Green and Shakir, the firearms found in the Residence in furtherance of and in relation to Count One of the Superseding Indictment.

Defendant's Initials _____    3

RECEIVED
U.S. ATTORNEY

SEP 08 2005

ILE DISTRICT OF FLORID/
JACKSONVILLE